

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 15, 1968

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. M-291

Re: Constitutionality of
Article 7.09 (2) (b),
Title 122A, Taxation-
General, Vernon's
Civil Statutes.

You ask our opinion whether Article 7.09 (2) (b),
Title 122A, Taxation-General, Vernon's Civil Statutes, is
constitutional and enforceable so that an application for
a cigarette distributor's permit may be denied by the Comp-
troller by reason thereof. We must answer this question in
the affirmative.

This Article authorizes you to deny a cigarette distri-
butor's permit if,

"(b)  The applicant or managing employee
(including, in the case of a corporation, any
officer, director, manager or any stockholder
who holds directly or through family or partner
relationship 10 per cent or more of the stock
of such corporation and, in the case of a part-
nership, a partner or manager) is, by reason of
his business experience, financial standing, trade
connections, previous business affiliation,
including prior employment, or prior conviction
of a felony not likely to maintain operations in
compliance with this Chapter, or has failed to dis-
close any material information required or made
any material false statement in the application
therefor."  (underscoring added)

Chapter 7, the Cigarette Tax Law, prescribes certain
definite duties and responsibilities of trust upon distri-
butors in the sale of cigarettes, the making of timely reports
of sales to the Comptroller, the purchase and proper stamping
of same, the keeping of accurate records for the Comptroller's
inspection, etc. (Chap. 7, Title 122A, Tax.-Gen., V.C.S.).

Hon. Robert S. Calvert, page 2 (M-291)

We believe the case of Jordan, et ux. v. State Board of Insurance, 334 S.W.2d 278 (Tex.Sup. 1960) is clear, comprehensive and decisive of your question. The Court unanimously held that the provision in Article 1.14, Section 3 of our Texas Insurance Code which authorizes the Board of Insurance to refuse or revoke a certificate of authority of an insurance company because the officers and directors thereof "are not worthy of the public confidence" was constitutional. The Court held that the quoted standard was sufficiently definite and did not violate the due process clauses of the Texas and United States Constitutions, being Article I, Section 19, and the Fourteenth Amendment, respectively.

The Court further stated that administrative standards of "just and reasonable," "public interest," and "public convenience, interest, or necessity," have been held sufficient by the Supreme Court of the United States; and that a Texas Court of Civil Appeals had upheld cancellation of a teaching certificate upon a finding that the holder thereof was "a person unworthy to instruct the youth of this State"; and that the New Hampshire Supreme Court held its state statute relative to licensing a foreign insurance company was valid wherein ". . . the commissioner shall regard it as safe, reliable and entitle to confidence."

Since the legal presumption is in form of the validity of such a statute and there are standards or guidelines to control the relevant scope of inquiry of the administrative agency, it is our opinion that the statute confers a reasonable discretion upon the Comptroller rather than the right arbitrarily to discriminate between applicants by granting a permit to one and refusing it to another, without good reason. See 12 A.L.R. 1450, para. b, "Determination of personal fitness"; 42 Am.Jur. 342, Public Admin. Law, Sec. 45.

In Gundling v. Chicago, 177 U.S. 183 (1899), an ordinance was upheld which gave the mayor power to determine whether a person applying for a license to sell cigarettes had good character and reputation and was a suitable person to be entrusted with their sale. The contention that such a law vested the official with arbitrary power to grant or refuse a license under such a vague standard was duly considered and overruled.

The caption of the Act under consideration is sufficient.

Hon. Robert S. Calvert, page 3 (M-291)

## S U M M A R Y

Article 7.09 (2) (b), Title 122A, Taxation-General, Vernon's Civil Statutes, is constitutional and confers a reasonable, legal discretion in the Comptroller to determine the personal fitness of applicants within the guidelines prescribed by the statutes for a cigarette distributor's permit. The Comptroller may rely upon this statute to justify the denial of an application for such a permit.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. E. Allen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
Fisher A. Tyler
Jack Sparks
Dyer Moore, Jr.
Mark White

A. J. Carubbi, Jr.
Executive Assistant